ON APPLICATION FOR REHEARING
(Court composed of Judge JAMES F. McKAY III, Judge TERRI F. LOVE, Judge DANIEL L. DYSART).
TERRI F. LOVE, Judge.
|,Air Liquide-Big Three, Inc. f/k/a Lincoln Big Three, Inc. and Air Liquide America L.P. f/k/a Air Liquide America Corporation’s (“AL”) application for rehearing is granted solely for clarification. This Court’s original opinion failed to indicate that AL adopted the arguments and specifications of error raised by its insurers, Chartis Specialty Insurance Company f/k/a American International Surplus Lines Insurance Company (“Chartis”) and Commerce and Industry Insurance Company (“C & I”). Therefore, our opinion is clarified to reflect that AL also appealed causation for medical damages, the damages awarded to Michelle Marshall, class decer-tification, and class redefinition.
ACE American Insurance Company’s (“ACE”) application for rehearing is granted solely for clarification. This Court referred to the insurance companies throughout the opinion as the “Insurance Defendants.” However, ACE did not appeal the trial court’s ruling regarding the number of occurrences and the application of non-cumulation clauses. Therefore, “Chartis and C & I” should have been utilized instead of “Insurance Defendants” in this Court’s analysis regarding the number of occurrences and the application of non-cumulation clauses.
Chartis and C & I, in their capacity as alleged insurers of AL filed an *49 |2application for rehearing requesting that this Court correct its opinion regarding their appeal of taxation of costs. We stated that Chartis and C & I failed to brief the taxation of costs and deemed the issue abandoned. Chartis and C & I appealed the issue of taxation of costs in a separate appeal. However, this Court was unaware of the separate appeal, as it had not been lodged, briefing deadlines were not set, and the appeals were not consolidated. Therefore, we clarify that the issue of taxation of costs was not abandoned. In all other respects, Chartis and C & I’s application for rehearing is denied.
Accordingly, our original opinion is clarified to reflect AL’s assignments of error, ACE’s appellate issues, and that Chartis and C & I did not abandon an appeal of taxation of costs. In all other respects, our original opinion remains unchanged.
REHEARING GRANTED FOR CLARIFICATION